IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANAL INDEMNITY INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-09-CV-1430-BD |
| TEXCOM TRANSPORTATION, LLC, ET AL. | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Canal Indemnity Insurance Company ("Canal") has filed a motion for summary judgment in this insurance coverage dispute involving the interpretation of various exclusions in a standard Texas commercial automobile policy. For the reasons stated herein, the motion is granted.

I.

On December 10, 2007, Phillip Chiazor and Huseen Awad were working as drivers for TexCom Transportation, LLC ("TexCom") hauling freight between Indiana and North Carolina. (*See* Def. MSJ Resp. App., Exh. A at 60). While traveling through West Virginia, Awad drove the tractor-trailer rig over a concrete road barrier and into the Kanawha River. (*See* Plf. MSJ App., Exh. A at 2, ¶ 7). Awad was killed in the accident. Chiazor, who was asleep in the sleeper cab of the rig, was seriously injured. (*Id.*, Exh. A at 2-3, ¶ 7; *see also* Def. MSJ Resp. App, Exh. A at 63-64). At the time of the wreck, TexCom was insured under a commercial automobile policy issued by Canal (the "Canal Policy"), which provides coverage for:

> "bodily injury" or "property damage" to which this Insurance applies,
> caused by an "accident" and resulting from the ownership,
> maintenance or use of a covered "auto."

(*See* Plf. MSJ App., Exh. B-1 at 29). The policy further provides that Canal has the right and duty

to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage."

(*Id.*). However, there is "no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily

injury' or 'property damage' . . . to which this Insurance does not apply." (*Id.*).

Following the accident, Chiazor sued TexCom and the Estate of Huseen Awad in Texas state

court for negligence. In his state court petition, Chiazor alleged, *inter alia*, that both he and Awad

were independent contractors, (*see id.*, Exh. A at 2, ¶ 7), that Awad operated the tractor-trailer rig

as a permissive user of the truck, (*id.*, Exh. A at 3, ¶ 8), and that TexCom was a non-subscriber under

the Texas workers' compensation law. (*Id.*, Exh. A. at 4, ¶ 14). Canal provided a defense to

TexCom in the state court litigation under a reservation of rights, and then filed this declaratory

judgment action in federal court against TexCom and Chiazor to determine the rights and duties of

the parties under the terms of the insurance policy.[1] At issue are the following policy exclusions

relating to liability for injuries to employees:

### Employee Indemnification and Employer's Liability

"Bodily Injury" to:

     a.    An "employee" of the "insured" arising out of and in
the course of:

          (1)    Employment by the "insured;" or

          (2)    Performing the duties related to the conduct of
the "insured's" business; or

---

[1] Federal jurisdiction is proper because Canal is a citizen of South Carolina, TexCom and Chiazor are citizens of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Plf. Compl. at 1-2, ¶¶ 1-3).

> b.    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

> (1)    Whether the "insured" may be liable as an employer or in any other capacity; and

> (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * *

<u>Fellow Employee</u>

"Bodily Injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

(*Id.*, Exh. B-1 at 30-31). The Canal Policy also contains a Workers' Compensation Exclusion, which excludes from coverage "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any worker's compensation, disability benefits or unemployment compensation law or any similar law[,]" (*see id.*, Exh. B-1 at 30), and an Occupant Hazard Exclusion Endorsement, which excludes from coverage any "'[b]odily injury' sustained by any person while in or upon, entering or alighting from the 'auto.'" (*Id.*, Exh. B-2 at 7).

The issue before the court on summary judgment is whether Chiazor was an "employee" of TexCom at the time of the accident, in which case one or more of the policy exclusions apply, or whether Chiazor worked for TexCom as an independent contractor. The parties have briefed this issue, and the motion for summary judgment is ripe for determination.

II.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant

is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). A dispute is "genuine" if the issue could be resolved in favor of either party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Cases involving the interpretation of insurance policies are particularly appropriate for summary disposition. *See Principal Health Care of Louisiana v. Lewer Agency, Inc.*, 38 F.3d 240, 242 (5th Cir. 1994); *SnyderGeneral Corp. v. Great American Ins. Co.*, 928 F.Supp. 674, 677 (N.D.Tex. 1996), *aff'd*, 133 F.3d 373 (5th Cir. 1998).

The disposition of the pending motion requires the court to interpret various exclusions in the Canal Policy. Under Texas law, which provides the rule of decision in this diversity case, the insurer has the burden to prove that an exclusion applies. *See Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 553 (5th Cir. 2004); *Sentry Ins. v. R.J. Weber Co.*, 2 F.3d 554, 556 (5th Cir. 1993). *See also* TEX. INS. CODE ANN. § 554.002 (Vernon 2009). The burden then shifts to the insured to establish an exception to the exclusion or show that coverage exists under some other policy provision. *See Primrose Operating*, 382 F.3d at 553. The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

A.

As in any coverage dispute, the court's primary concern in interpreting the insurance policy is to determine the intent of the parties. *See Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 569 (5th Cir. 2010), *citing Don's Building Supply, Inc. v. One Beacon Ins.*

*Co.*, 267 S.W.3d 20, 23 (Tex. 2008). "The terms used in the policy are given their plain, ordinary meaning unless the policy itself shows that the parties intended the terms to have a different, technical meaning." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. McMurray*, 342 Fed.Appx. 956, 958, 2009 WL 2710076 at *2 (5th Cir. Aug. 27, 2009), *quoting American Nat'l General Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001). When a term is defined in the policy, that definition controls. *Id.* (citing cases). However, the court cannot simply consider policy terms in the abstract. Rather, the court "must consider the policy as a whole and interpret it to fulfill [the] reasonable expectations of the parties in light of the customs and usages of the industry." *Consumers County Mut. Ins. Co. v. P.W. & Sons Tucking, Inc.*, 307 F.3d 362, 365 (5th Cir. 2002), *quoting North American Shipbuilding, Inc. v. Southern Marine & Aviation Underwriting, Inc.*, 930 S.W.2d 829, 834 (Tex. App.--Houston [1st Dist.] 1996, no writ).

When a coverage dispute involves the duty to defend, that determination is made solely by reference to the allegations of the latest complaint in the underlying litigation and the terms of the policy. *See Allstate Ins. Co. v. Disability Services of the Southwest Inc.*, 400 F.3d 260, 263 (5th Cir. 2005); *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). The allegations of the underlying complaint must be liberally construed and accepted as true. *Disability Services*, 400 F.3d at 263; *see also Gulf Chemical & Metallurgical Corp. v. Associated Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir. 1993). The duty to defend "is not affected by facts ascertained before suit, developed in the process of the litigation, or by the ultimate outcome of the suit." *Gemmy Indus. Corp. v. Alliance General Ins. Co.*, 190 F.Supp.2d 915, 918 (N.D. Tex. 1998), *aff'd*, 200 F.3d 816 (5th Cir. 1999) (Table), *quoting American Alliance Ins. Co. v. Frito-Lay, Inc.*, 788 S.W.2d 152, 154 (Tex. App.--Dallas 1990, writ dism'd); *see also Colony Ins. Co. v. H.R.K., Inc.*, 728 S.W.2d 848, 850 (Tex. App.--Dallas 1987, no writ). The insurer must provide a defense if the complaint contains at

least one claim that is facially within the policy's coverage. *Disability Services*, 400 F.3d at 263;

*Primrose Operating*, 382 F.3d at 552.

B.

In his most recent state court petition, Chiazor alleged that both he and Awad were

"independent contractors" who operated the TexCom tractor-trailer rig as "permissive user[s] of the

truck." (*See* Plf. MSJ App., Exh. A at 2-3, ¶¶ 7-8). Canal disputes that characterization, arguing that

Chiazor was either a "direct employee" or a "statutory employee" of TexCom at the time of the

accident.  (*See* Plf. MSJ Br. at 8, ¶ 12).  The court need not decide whether Chiazor was an

"independent contractor" or an "employee" under traditional common law principles because, in the

context of this case, it is a distinction without a difference.[2]

The Canal Policy is a public-liability policy designed specifically for use by motor carriers

in the interstate trucking industry.  As such, the policy must be interpreted in a manner consistent

with federal insurance requirements, like those found in the Motor Carrier Safety Act of 1984, 49

U.S.C. § 13906, and regulations promulgated by the Department of Transportation. *See Ooida Risk*

*Retention Group, Inc. v. Williams*, 579 F.3d 469, 473 (5th Cir. 2009) ("The Motor Carrier Safety Act

and its attendant regulations govern the meaning of terms under insurance policies designed to

comply with federal requirements for motor carriers.").  Section 390.5 of the regulations defines an

"employee" as:

---

[2] Under Texas law, "[t]he test to determine whether a worker is an employee or an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the employee's work." *P.W. & Sons Trucking*, 307 F.3d at 364 n.3, *quoting Thompson v. Travelers Indemnity Co. of Rhode Island*, 789 S.W.2d 277, 278 (Tex. 1990).  A worker is an "employee" if the employer controls "not merely the end sought to be accomplished, but also the means and details of its accomplishment as well." *Id.*  By contrast, a worker is an "independent contractor" if in the pursuit of an independent business, the worker "undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control and all its details." *Id.*, *quoting William Sommerville & Son, Inc. v. Carter*, 571 S.W.2d 953, 956 (Tex. Civ. App.--Tyler 1978), *aff'd on other grounds*, 584 S.W.2d 274 (Tex. 1979).

> any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. *Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle)*, a mechanic, and a freight handler.

49 C.F.R. § 390.5 (emphasis added).  Relying on this definition, the Fifth Circuit has interpreted the employee exclusions in a standard Texas commercial auto policy, like the policy issued by Canal to TexCom, to exclude from coverage injuries sustained by a truck driver while operating a covered vehicle, regardless of whether the driver was an "independent contractor" or an "employee" under traditional common law principles.  As the court explained in *P.W. & Sons Trucking*:

> Federal law requires motor carriers to procure at least a minimum level of public-liability insurance in order to obtain an operating permit.  The purpose of this insurance requirement is to ensure that a financially responsible party will be available to compensate members of the public injured in a collision with a commercial motor vehicle.  Although the Motor Carrier Safety Act places an affirmative insurance obligation on motor carriers with respect to the public, it does not require motor carriers to obtain coverage for "injury to or death of [their] employees while engaged in the course of their employment."

> There is no question that [the policy] was drafted to comply with federal insurance requirements.  As a result, these requirements must inform our interpretation of the policy's terms.  Section 390.5, which was enacted pursuant to authority granted by the Motor Carrier Safety Act, is central to this federal regulatory scheme.  By eliminating the common law employee/independent contractor distinction, the definition serves to discourage motor carriers from using the independent contractor relationship to avoid liability exposure at the expense of the public.  In light of the clear intention of the parties to comply with federal regulations and the broad application of § 390.5 throughout those regulations, it is reasonable to conclude that the parties intended § 390.5 to supply the definition of the term employee in the policy.

*P.W. & Sons Trucking*, 307 F.3d at 365-66 (internal citations omitted).  Thus, even if Chiazor meets the common law definition of an "independent contractor," he is an "employee" for purposes of the

Canal Policy and falls squarely within the Employee Indemnification and Employer's Liability exclusion of that policy. *Id.*; *see also Canal Ins. Co. v. Flores*, No. 3-06-CV-84-KC, 2009 WL 1033770 at *7 (W.D. Tex. Apr. 14, 2009) (driver for interstate motor carrier was "statutory employee" for purposes of policy provision that excluded from coverage "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured").

TexCom and Chiazor acknowledge that *P.W. & Sons Trucking* is factually similar to the case at bar. (*See* Def. MSJ Resp. at 17). Nevertheless, they argue that unlike the policy in that case, the Canal Policy defines the term "employee" to include a "leased worker," but not a "temporary worker." (*See* Plf. MSJ App., Exh. B-1 at 37).[3] Those definitions do not trump federal law or inform the court's interpretation of the relevant policy exclusions. Because TexCom is an interstate motor carrier, the Canal Policy must be interpreted in a manner consistent with the Motor Carrier Safety Act and federal regulations, including 49 C.F.R. § 390.5, which eliminates the distinction between employees and independent contractors for drivers like Chiazor. The court also rejects the argument that Chiazor, who was asleep in the sleeper cab at the time of the accident, was not acting "in the course of operating a commercial motor vehicle." That same argument was rejected by the Fifth Circuit in *P.W. & Sons Trucking* as being "squarely foreclosed by precedent." *P.W. & Sons Trucking*, 307 F.3d at 367 n.8, *citing White v. Excalibur Ins. Co.*, 599 F.2d 50, 53 (5th Cir.), *cert. denied*, 100 S.Ct. 452 (1979).

The court further determines that the "Fellow Employee" exclusion relieves Canal of any duty to defend TexCom in the state court litigation. Under that exclusion, there is no coverage for

---

[3] The Canal Policy defines "leased worker" as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." (*See* Plf. MSJ App., Exh. B-1 at 38). The policy defines "temporary worker" as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." (*Id.* at 39).

"'bodily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment." (*See* Plf. MSJ App. Exh. B-1 at 31). The policy defines an "insured" as the policy holder, here TexCom, and "[a]nyone else while using with your permission a covered 'auto' you own, hire, or borrow[.]" (*Id.* at 29). In his state court petition, Chiazor alleged that Awad operated the tractor-trailer rig with TexCom's permission. (*See* Plf. MSJ App., Exh. A at 3, ¶ 8). Thus, Awad met the policy definition of an "insured" and Chiazor, who the court has determined met the statutory definition of "employee" under section 390.5 of the regulations, was a "fellow 'employee.'" No coverage exists under these circumstances. *See Williams*, 579 F.3d at 473.

In sum, the claims asserted by Chiazor against TexCom fall within the scope of the employee exclusions in the Canal Policy. Neither Chiazor nor TexCom have established an exception to those exclusions or shown that coverage exists under some other policy provision. Therefore, Canal has no duty to defend TexCom against the claims made by Chiazor in the state court litigation.[4]

## C.

Where there is no duty to defend there is no duty to indemnify, if "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Mt. Hawley Ins. Co. v. Wright Materials, Inc.*, No. 3-03-CV-2729-BD, 2005 WL 2805565 at *5 (N.D. Tex. Oct. 27, 2005), *quoting Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Such is the case here. The court has determined that the employee exclusions in the Canal Policy preclude coverage for the claims asserted by Chiazor. Consequently, Canal has no duty to indemnify TexCom for costs incurred or payments made in connection with the state court action.

---

[4] In view of the court's interpretation of the employee exclusions in the Canal Policy, it need not decide whether coverage is also excluded by the Workers' Compensation Exclusion and the Occupant Hazard Exclusion Endorsement.

## CONCLUSION

Canal's motion for summary judgment [Doc. #11] is granted.  By separate order issued today, the court will enter a declaratory judgment that Canal has no duty to defend or indemnify TexCom against the claims made by Chiazor in the state court litigation.  The issue of attorney's fees will be determined in accordance with the procedures set forth in Fed. R. Civ. P. 54(d)(2).

SO ORDERED.

DATED:  June 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE